# NO. 12-16-00012-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDY VERNON WINCHESTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Randy Vernon Winchester appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon, a second degree felony. The indictment also included an allegation that Appellant used or exhibited a deadly weapon, a firearm, during the commission of or immediate flight from the offense. Appellant pleaded "guilty" to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence in which Appellant swore, and judicially confessed, that the facts alleged in the indictment were true and correct, and constituted the evidence in the case. The trial court accepted Appellant's plea, found the evidence was sufficient to support a finding of Appellant's guilt, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for six years.

Later, the State filed a first amended application to proceed to final adjudication, alleging that Appellant had violated the terms of his community supervision. At the hearing, Appellant pleaded "true" to all the allegations in the State's application. After a hearing, the trial court found the allegations to be "true," granted the State's application, adjudged Appellant guilty of aggravated assault with a deadly weapon, made an affirmative finding that Appellant used or exhibited a deadly weapon, a firearm, during the commission of or immediate flight from the offense, and assessed his punishment at twelve years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.

In Appellant's pro se brief, he presents seven issues. He argues that two allegations in the State's first amended application were dismissed in a previous application or "randomly added," violating the rule against double jeopardy. Appellant also contends that the indictment was false because there was no evidence that he pointed a firearm at the victim, the indictment does not follow the evidence in the presentence investigation, and he was originally charged with a different offense, aggravated assault causing serious bodily injury. He argues that the State alleged that he declined to submit a written statement, but that a law enforcement report shows that he agreed to write a statement. Appellant contends further that the allegation that he did not complete the substance abuse felony punishment (SAFP) program was not true. He states that he completed SAFP, but did not complete the continuum of care program. Finally, Appellant argues that his trial counsel rendered ineffective assistance because he failed to submit medical records into evidence during the State's cross-examination of Appellant.

We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw in the case. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we grant counsel's motion for leave to withdraw, and ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the day the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 29, 2016

NO. 12-16-00012-CR

**RANDY VERNON WINCHESTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0615-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*